O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#65

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7602 PSG (SHx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | United States of America v. Cary Yee *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** **(In Chambers) Order Denying Defendants' *Ex Parte* Motion for Stay, or *Ex Parte* Application for Interim Stay for District Court to Hear Motion for Stay, or Alternatively *Ex Parte* Application for Interim Stay to Permit Application to the Ninth Circuit, of Sale During Appeal**

     Pending before the Court is Defendants' *Ex Parte* Motion for Stay, or *Ex Parte* Application for Interim Stay for District Court to Hear Motion for Stay, or Alternatively *Ex Parte* Application for Interim Stay to Permit Application to the Ninth Circuit, of Sale Pending Appeal. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the Defendants' *ex parte* motion and applications.

I.    Background

     On November 18, 2008, the United States of America filed an action to foreclose federal tax liens against certain real property owned by Defendants Cary Yee and Nancy Yee ("Defendants"). The subject property is located at 16241 Via Rancho in Riverside, California ("the property"). On March 27, 1998, the United States Tax Court entered a judgment, pursuant to a stipulation signed by Defendants, which determined that there were deficiencies in income taxes for the taxable years 1991, 1993, and 1994. As of May 30, 2008, Defendants' total federal income tax liability for the 1991, 1993, and 1994 taxable years with assessed balances due, accrued interest, and accrued failure-to-pay penalties was $366,891.95. On December 4, 1998, the IRS filed a Notice of Federal Tax Lien ("NFTL"), Document No. 526821, in Riverside County against all property and rights to property of Defendants for their tax liabilities.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7602 PSG (SHx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | United States of America v. Cary Yee *et al.* | | |

On June 25, 2009, the United States moved for summary judgment to foreclose its tax liens against the property. On July 28, 2009, the Court issued a Judgment and Order of Sale, with an Amended Judgment and Order of Sale on August 5, 2009, and Defendants appealed this decision to the Ninth Circuit on August 26, 2009. An auction for the sale of the property is currently scheduled for October 29, 2009, at 10:30 a.m. Additionally, Defendants submitted an offer in compromise to the IRS to settle their federal tax liability for $120,000.00. The United States has not accepted this offer. Thus, Defendants filed the instant *ex parte* motion and applications to stay the sale of the property pending its appeal before the Ninth Circuit.

II.    Legal Standard

According to Federal Rule of Civil Procedure 62(d), the party requesting stay pending appeal must post a supersedeas bond[1] prior to a court's stay of execution. *See* Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."). The posting of a bond is generally required in order to protect the interests of the appellee in the event of a stay. *See Fed. Prescription Servs., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, *a full supersedeas bond should be the requirement in normal circumstances* . . . ."). However, in "unusual circumstances," a court may order partially secured or unsecured stays only if "they do not endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760-61.

III.    Discussion

Defendants filed the instant *ex parte* motion and applications for a stay of sale pending appeal. Defendants seek a stay to prevent the foreclosure sale of the property scheduled for October 29, 2009. The United States opposes the *ex parte* because, *inter alia*, Defendants have not posted the requisite bond to stay the sale pursuant to Rule 62(d). Defendants do not explain why they have failed to post the bond or why their particular situation constitutes an "unusual circumstance" warranting a partially secured or unsecured stay. Indeed, in their reply, Defendants neither mention the bond requirement nor respond to the United States' arguments

---

[1] A supersedeas bond "suspends a judgment creditor's power to levy execution, [usually] pending appeal." *Blacks Law Dictionary* 1479 (8th ed. 2004).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7602 PSG (SHx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | United States of America v. Cary Yee *et al.* | | |

for opposing the *ex parte*. Despite Defendants' appeal to equity, the Court is obligated to apply the Federal Rules of Civil Procedure, which require an adequate justification for relaxing the supersedeas bond requirement. *See Fed. Prescription Servs.*, 636 F.2d at 760-61.

Defendants have not presented sufficient justification to grant a stay pending appeal without the prior posting of a bond. As noted by the United States, Defendants apparently have $120,000.00 at their disposal—the amount of their current offer in compromise. Furthermore, Defendants' continued occupation of the property would contribute to wear and tear, and a bond should be posted to potentially defray these costs. Thus, Defendants are required under Rule 62(d) to post a supersedeas bond prior to the granting of a stay. Because Defendants have yet to post a supersedeas bond, the Court DENIES Defendants' *ex parte* motion for stay of sale pending appeal.

IV.   Conclusion

For the foregoing reasons, the Court DENIES Defendants' *Ex Parte* Motion for Stay, or *Ex Parte* Application for Interim Stay for District Court to Hear Motion for Stay, or Alternatively *Ex Parte* Application for Interim Stay to Permit Application to the Ninth Circuit, of Sale Pending Appeal.

**IT IS SO ORDERED.**